OPINION
Defendant William Jackson appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of aggravated trafficking, three times bulk amount, but less than one hundred times bulk amount. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE OFFICERS DID NOT ACT REASONABLY IN BELIEVING THAT THE LESSEE HAD AUTHORITY TO CONSENT TO THE SEARCH OF A CLOSED CONTAINER FOUND IN THE APPELLANT'S BEDROOM AND BECAUSE APPELLANT'S DENIAL OF OWNERSHIP WAS INSUFFICIENT TO NEGATE HIS EXPECTATION OF PRIVACY IN THE CLOSED CONTAINER IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
The record indicates appellant was arrested on July 13, 1995. Subsequently, the Stark County Grand Jury indicted appellant, who pled not guilty to the charge. The matter was tried before a jury, which found appellant guilty as charged in the indictment, and the trial court sentenced appellant to an indeterminate term of incarceration of five to fifteen years with three years actual incarceration.
Appellant appealed his conviction and sentence to this court, arguing inter alia, he was denied the effective assistance of counsel because counsel had failed to file a motion to suppress evidence seized at the time of the arrest. In State v. Jackson
(December 2, 1996), Stark Appellate #1995CA00341, unreported, this court sustained the appeal and remanded the case to the trial court for a suppression hearing and a new trial. Upon remand, the trial court conducted an evidentiary hearing on the suppression motion filed by appellant's new counsel. The trial court overruled the suppression motion, and appellant changed his plea to no contest. The trial court again convicted and sentenced appellant and this appeal ensued.
At the hearing on the motion to suppress, the State presented evidence the Canton Police Department's Criminal Intelligence and Vice Unit received complaints of drug activity at 822 Marion Avenue S.W., in Canton, Stark County, Ohio. The complaints identified a black male named Jeff and some men from Detroit as drug dealers at the apartment. Several agents went to the address without a search warrant, identified themselves to Jeff Freeman, and informed Freeman of the complaints of drug activity they had received. Freeman told the police he was the tenant for the apartment, and gave consent for the officers to enter and search the apartment.
Detective Saler was assigned to wait outside the residence. Saler testified he observed appellant through the window of the southwest bedroom of the apartment holding a brown metal box. Saler then entered the residence with a drug-sniffing dog. Another detective removed the box identified by Detective Saler, and the drug-sniffing dog immediately "alerted" on the box. Freeman, appellant, and appellant's girlfriend Demetrice Cordea were all advised of their constitutional rights and all were asked whether the box was theirs. Not surprisingly, all three persons denied ownership of the box. Cordea later told officers the southwest bedroom from which the box had been taken was the bedroom she shared with appellant.
The officers then asked Freeman, as the tenant of the apartment about the box. Freeman denied ownership of the box, and asserted he did not know what it was doing in his apartment. Freeman gave permission to the officers to open the box, whereupon the officers found $267.00 in cash, 12.3 grams of powder crack cocaine, and 215 pieces of crack cocaine.
In a judgment entry filed February 21, 1997, the trial court found no evidence was presented at the suppression hearing indicating appellant was a resident of the home, had any expectations of privacy in the home, or had exclusive control of the bedroom where the box was found. To the contrary, appellant denied ownership of the box.
The trial court found the police officers' entry into the apartment was legal because the individual who identified himself as the renter of the property gave consent to enter and search. The trial court found appellant indicated no ownership interest in the box or right of privacy in either the bedroom area or the contents of the box. The trial court concluded the officers conducted a valid consent search based upon Freeman's consent. The trial court noted the United States Supreme Court has held a reviewing court must utilize an objective standard when determining whether facts available at the moment would warrant a reasonably cautious police officer to believe the consenting party had the authority to permit the search, see Illinois v. Rodriguez
(1990), 497 U.S. 177. The court found under the facts and circumstances of this case, applying the objective standard, the police officers were reasonable in believing the consenting party had the authority to permit the search. The court also found there was no proof in the record to indicate that the consenting party, Freeman, did not actually have the authority to permit the search. For this reason, the court overruled the motion to suppress.
As the trial court correctly noted, in llinois v. Rodriguez
(1990), 497 U.S. 177, the United States Supreme Court held a warrantless search is valid when based upon the consent of a third party whom police, at the time of the search, reasonably believed to possess authority over the premises, even though that individual did not in fact possess such authority.
Appellant argues Freeman's tenancy of the apartment did not automatically confer to Freeman the authority to consent to the search of containers, such as a metal lockbox, which might be found in his apartment. Appellant stresses Freeman denied ownership of the metal lockbox.
Appellant did not challenge, either at the suppression hearing or on appeal, that the actions of police were somehow improper prior to opening the box. Appellant concedes Freeman possessed the apparent authority to consent to a search of the premises. However, he urges once Freeman denied ownership of the container, he did not have apparent authority to consent to the search of the container. Appellant also argues, however, his own denial of ownership of the box did not negate his expectation of privacy in the box.
The State properly asserts the question in this case is not whether the owner of the premises has the authority to consent to searches of containers found on his premises which belong to other persons, but rather, whether the owner of the premises has authority to consent to a search of a container found on the premises which apparently did not belong to anyone present at the time of the search. The State argues based upon what the officers were told at the time, someone had left the box in Freeman's apartment, apparently abandoning it to the owner of the apartment.
We find the trial court correctly found Freeman had sufficient apparent authority to consent to the officers opening the apparently abandoned box found in Freeman's apartment. Further, the officers were informed the box did not belong to appellant, and for this reason a reasonably caution police officer would not have believed the opening of the box violated appellant's privacy interest in it.
We find the trial court properly overruled the motion to suppress. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Gwin, P.J., Reader, J., and Wise, J., concur.